IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JERMAINE LAYTON CARTER, :
:
      Plaintiff, :
:
:
      v. : Civ. No. 17-786-LPS
:
PERRY PHELPS, et al., :
:
      Defendants. :
:

Jermaine Layton Carter, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

March 26, 2018
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Jermaine Layton Carter ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 1) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 11) Plaintiff has filed several motions for leave to amend (D.I. 4, 5, 8, 9), all of which the Court addresses. In addition, Plaintiff filed a motion for default judgment and a motion to answer. (D.I. 13, 14) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

The Court construes the complaint (D.I. 1) and the motion for leave to amend (D.I. 8), together, as the operative pleading. Plaintiff alleges that on July 31, August 5, August 7, and August 15, 2015, his constitutional rights were violated when he was sent to isolation for 90 days after he was found guilty of disciplinary infractions. Plaintiff pled "not guilty." He alleges that he was sent to the hole for nothing.

Plaintiff alleges that when he was transferred to isolation his hands were cuffed too tight for approximately two hours, causing him pain and then numbness. Plaintiff notified a nurse of the problem but received no treatment. He also submitted a sick call request.

Plaintiff complains that while housed in isolation he lost all privileges, and was not allowed any telephone calls, visits, or commissary. In addition, he was not allowed to watch television, listen to the radio, or read books.

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

Plaintiff alleges that Defendants Commissioner Perry Phelps ("Phelps") and Bureau Chief Steve Wesley ("Wesley") are supposed to ensure that the disciplinary procedure is safe. Plaintiff sues Phelps and Wesley in their official capacities. Plaintiff alleges that Bureau Chief of the Medical Department Marc Richman ("Richman") is supposed to ensure the medical grievance process.

Plaintiff seeks injunctive relief and compensatory damages.

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir.

1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

3

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Respondeat Superior

It is clear from Plaintiff's allegations that Phelps, Wesley, and Richman are named as defendants based upon their supervisory positions. It is well-established that claims based solely on the theory of respondeat superior or supervisor liability are facially deficient. *See Ashcroft*, 556 U.S. at 676-77; *see also Solan v. Ranck*, 326 F. App'x 97, 100-01 (3d Cir. May 8, 2009) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior"). The complaint does not allege any direct or personal involvement by any of the defendants other than in their capacities as supervisors/administrators at the VCC. Plaintiff's claims rest impermissibly upon a theory of supervisory liability and, therefore, must be dismissed as frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

However, since it appears plausible that Plaintiff may be able to articulate a claim against Defendants based on their personal involvement, or name alternative defendants, he will be given an

4

opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

**B.     Grievances**

Plaintiff names Richman as a defendant because he oversees the medical grievance process. The filing of prison grievances is a constitutionally-protected activity. *See Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. Nov. 7, 2006). To the extent that Plaintiff bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a "free-standing constitutional right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. Aug. 18, 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Notably, the denial of grievance appeals does not in itself give rise to a constitutional claim as Plaintiff is free to bring a civil rights claim in District Court. *See Winn v. Department Of Corr.*, 340 F. App'x 757, 759 (3d Cir. July 28, 2009) (citing *Flick v. Alba*, 932 F.2d at 729).

Plaintiff cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed, that they were denied, or that the grievance process is inadequate. Therefore, the Court will dismiss the claims against Richman as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**V.     MOTIONS**

Plaintiff filed several motions to amend (docket items 4, 5, 8, and 9). He later withdrew the motions found at D.I. 4 and D.I. 5, and they will be denied as moot. (*See* D.I. 5, D.I. 8) The Court will grant the motion to amend at D.I. 8.

The Court will deny the motion to amend at D.I. 9. Therein, Plaintiff seeks to add claims from a time-frame unrelated to the allegations set forth in the operative pleading. Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b) motion, whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that courts should freely give leave to amend when justice so requires.

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

Plaintiff attempts to add new claims for an occurrence in time-frame different than that put at issue in the operative pleading. The appropriate mechanism for doing so is to file a new complaint. Therefore, the motion to amend (D.I. 9) will be denied.

Plaintiff filed a motion for default judgment on the grounds that Defendants have not responded to the case. (D.I. 13) The motion will be denied as premature. To date, a service order has not entered and Defendants have not been served.

Finally, Plaintiff filed a motion for answer. (D.I. 14) This seems to be a request for status of the case. The motion will be denied. However, the Clerk of Court will be directed to provide Plaintiff with a copy of the Court docket.

## VI. CONCLUSION

For the above reasons, the Court will: (1) deny as moot the withdrawn motions to amend (D.I. 4, 5); (2) grant one motion to amend (D.I. 8); (3) deny another motion to amend (D.I. 9), (4) deny as premature the motion for default judgment (D.I. 13); and (5) deny the motion for answer (D.I. 14). The operative pleading consists of D.I. 1 and D.I. 8. In addition, the Court will dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and § 1915A(b)(1). Plaintiff will be given leave to amend his complaint.

An appropriate order will be entered.